UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DOUGLAS RUTKOFSKE,

       Plaintiff,

v.

UNKNOWN ANDERSON et al.,

       Defendants.

_____/

Case No. 1:22-cv-955

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has paid the full filing fee for this action. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.**    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The

events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues Lieutenant Unknown Fuller and Corrections Officer Unknown Anderson.

Plaintiff has submitted his complaint in the form of an "Administrative Notice of Intent" addressed to Defendants Fuller and Anderson. (ECF No. 1, PageID.1.) Plaintiff contends that on August 16, 2022, he was serving as a porter to pass out toilet paper. (*Id.*) He had asked for one more package when Defendant Anderson yelled, "I hate you!" (*Id.*) Plaintiff ignored the verbal harassment because "threats of being pepper sprayed had been made in the past." (*Id.*)

Plaintiff also contends that Defendant Anderson retaliated against him by issuing a false misconduct report. (*Id.*, PageID.2.) Plaintiff's exhibits provide more support for this allegation. His exhibits indicate that Plaintiff worked as a unit painter, but that he was terminated from his job on August 16, 2022, for stealing supplies. (ECF No. 1-2, PageID.8.) That day, Defendant Anderson shook down Plaintiff's cell and founds two bowls of paint, two paintbrushes, a broom, a dustpan, cleanser, a deck brush, a plunger, a bowl of wax, a bowl of stripper, and other supplies. (*Id.*, PageID.11.) Defendant Anderson issued Plaintiff a misconduct charging him with possession of stolen property. (*Id.*)

Plaintiff argues that he had gone to eat during his work hours and had stored the materials in his cell to keep them safe until he returned from lunch. (*Id.*, PageID.9–10.) Plaintiff alleges that Defendant Anderson retaliated against him for "what was a harmless error with a ladder." (*Id.*, PageID.10.) Plaintiff explains that during the first week of August 2022, he returned an eight-foot ladder from Unit 1 to the chow hall because it was kept in a locked cage there. (*Id.*, PageID.9.) While walking to the chow hall, Plaintiff passed Defendant Anderson. (*Id.*) Plaintiff said, "good morning," and kept on walking. (*Id.*) When Plaintiff reached the cage, he waited for a food steward

to open the cage. (*Id.*) Defendant Anderson came over and asked what Plaintiff was doing; Plaintiff responded that he was returning the ladder to the cage. (*Id.*) Later, Plaintiff learned that he "was to have an escort when moving the ladder." (*Id.*) Plaintiff asserts that incident "started a wall of retaliation." (*Id.*)

Plaintiff appeared before Defendant Fuller for his misconduct hearing on August 24, 2022. (*Id.*, PageID.13.) Plaintiff's defense was that Officer Emery (not a party) had given him permission to keep the items noted above in his cell. (*Id.*) Officer Emery testified by telephone that she had given Plaintiff permission to keep a broom, dustpan, and bottle of cleaner in his cell, but had not given him permission to keep paint, paintbrushes, and a plunger there. (*Id.*) Defendant Fuller found Plaintiff guilty of possession of stolen property/theft and sanctioned him to seven days' loss of privileges (LOP) status. (*Id.*) Plaintiff contends that the misconduct ticket was false and should have been "tossed out" by Defendant Fuller. (*Id.*, PageID.7.)

Plaintiff has attached another "affidavit" which does not mention Defendants Anderson and Fuller, but instead concerns Corrections Officers Gibbson, Marsh, and Rickert. (ECF No. 1-1, PageID.6.) Plaintiff contends that on August 22, 2022, he was "checking in" with Officer Marsh when Officer Gibbson began threatening to take Plaintiff to segregation. (*Id.*) When Plaintiff was walking away, Officer Gibbson said that he wanted to "buttf***" Plaintiff. (*Id.*) Plaintiff argues that Officer Gibbson has "shown a willful intent to cause harm, and a willful intent for violence." (*Id.*) He contends that Officer Gibbson's statement is "more than verbal harassment." (*Id.*)

Based upon the foregoing, the Court liberally construes Plaintiff's complaint to assert violations of his First, Eighth, and Fourteenth Amendment rights. Plaintiff also suggests that the conduct noted above violated 42 U.S.C. §§ 1985 and 1986, several MDOC policy statements, numerous federal criminal statutes, and parts of the MDOC employee handbook. He also appears

3

to assert a civil conspiracy claim against Defendants Anderson and Fuller. Plaintiff does not specify what relief he seeks.

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A.   Claims Pursuant to 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

4

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### 1.      Officers Marsh and Rickert

As noted above, Plaintiff mentions Officers Marsh and Rickert in his attached affidavit, but has not named them as Defendants. Even if Plaintiff intended to name them as Defendants, he fails to state a claim against them. Plaintiff's complaint is devoid of any facts suggesting that Defendants Marsh and Rickert violated his constitutional rights. Plaintiff merely suggests that they were present when Officer Gibbson verbally and sexually harassed him.

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff's allegations against Officers Marsh and Rickert fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, any intended claims against Officers Marsh and Rickert will be dismissed.

##    2.    First Amendment Retaliation Claims

The Court has liberally construed Plaintiff's complaint to assert First Amendment retaliation claims against Defendants Anderson and Fuller. He suggests that Defendant Anderson retaliated against him by writing the misconduct ticket and that Defendant Fuller retaliated by finding him guilty. He also suggests that Officer Gibbson's harassing remarks constitute retaliation.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial"

6

(internal quotations omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Plaintiff merely alleges the ultimate fact of retaliation in this matter. Plaintiff's complaint is devoid of any facts suggesting that he engaged in any protected conduct prior to the issuance of the misconduct ticket by Defendant Anderson and the finding of guilt by Defendant Fuller. Plaintiff references putting away a ladder at some time prior to Defendant Anderson's issuance of the misconduct ticket; such activity, however, is not protected conduct. His complaint is also devoid of facts from which the Court could infer that he engaged in protected conduct prior to the harassing statement made by Officer Gibbson. Plaintiff simply has not presented any facts whatsoever to support his conclusion that he was retaliated against because of any protected conduct. Plaintiff, therefore, fails to state retaliation claims against Defendants Anderson and Fuller, as well as Officer Gibbson. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### 3. Eighth Amendment Verbal Harassment Claims

The Court has construed Plaintiff's complaint to assert Eighth Amendment claims premised upon the verbal harassment by Defendant Anderson, as well as the verbal sexual harassment by Officer Gibbson.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the

7

"minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff contends that on August 16, 2022, he was serving as a porter to pass out toilet paper. (ECF No. 1, PageID.1.) He had asked for one more package when Defendant Anderson yelled, "I hate you!" (*Id.*) While unclear, it appears that Plaintiff ignored the comment because of threats made in the past to use pepper spray against him. (*Id.*) While unprofessional, allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey*, 832 F.2d at 955. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* The Court, therefore, will dismiss Plaintiff's Eighth Amendment claims premised upon verbal harassment against Defendant Anderson.

Plaintiff also contends that on August 22, 2022, he was "checking in" with Officer Marsh when Officer Gibbson began threatening to take Plaintiff to segregation. (ECF No. 1-1, PageID.6.) When Plaintiff was walking away, Officer Gibbson said that he wanted to "buttf***" Plaintiff. (*Id.*) He contends that Officer Gibbson's statement is "more than verbal harassment." (*Id.*) Officer Gibson's threat to take Plaintiff to segregation, however, does not rise to the level of an Eighth Amendment violation. *See Ivey*, 832 F.2d at 955.

Officer Gibbson's alleged sexual harassment, however, requires a closer look. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate

penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citations omitted).

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, some courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (holding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding that, where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault).

In contrast, the Sixth Circuit has held that ongoing, coercive verbal harassment may rise to sexual abuse that violates the Eighth Amendment. *Rafferty*, 915 F.3d at 1095. The *Rafferty* court found an Eighth Amendment violation when a male prison official sexually harassed a female prisoner by repeatedly demanding that the prisoner expose herself and masturbate while the official watched and intimidated her into complying. *Id.* at 1096. The court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.*

*Rafferty*, however, is distinguishable for Plaintiff's claim. Plaintiff alleges only that Officer Gibbson made one comment, and that the comment was made in the presence of Officers Marsh and Rickert. Under these circumstances, Officer Gibbson's comment, while offensive, did not evidence the sort of coercive sexual demand at issue in *Rafferty*. As a result, the alleged sexual harassment falls short of the severity necessary to state an Eighth Amendment claim. *Rafferty*, 915 F.3d at 1095.

### 4. Fourteenth Amendment Due Process Claims

The Court has construed Plaintiff's complaint to assert a Fourteenth Amendment procedural due process claim premised upon his assertions that Defendant Anderson issued a false misconduct and that Defendant Fuller found him guilty of that false misconduct. A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).

Plaintiff was found guilty of possession of stolen property/theft, a Class II misconduct. (ECF No. 1-2, PageID.13.) Class II misconducts are minor misconducts for which Plaintiff could

not have been denied good time or disciplinary credits. *See* MDOC Policy Directive 03.03.105 ¶ C, Attach. D (eff. Apr. 18, 2022). The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003).

Plaintiff also cannot allege that he suffered an "atypical and significant" deprivation for being placed on LOP status for seven days. *See Sandin*, 515 U.S. at 486–87. Pursuant to MDOC Policy Directive 03.03.105, the "loss of privileges" sanction involves the loss of various privileges, such as access to the day room, exercise facilities, group meetings, "[o]ut of cell hobbycraft activities," the kitchen area, the general library (not including the law library), movies, music practice, and other "[l]eisure time activities." *See* MDOC Policy Directive 03.03.105, Attach. E. Federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs or activities under the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that the Due Process Clause was not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir. 1989) (concluding that prisoners have no constitutional right to rehabilitation); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (finding that participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (concluding that prisoners have no constitutional right to rehabilitative services). Moreover, to the extent Plaintiff takes issue

with the loss of his job as a unit painter, he has no liberty or property interest in prison employment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (concluding that district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir. 1989) (discussing that there is no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job.").

For the foregoing reasons, Plaintiff fails to state Fourteenth Amendment due process claims against Defendants Anderson and Fuller. Those claims will, therefore, be dismissed.

### 5. Violations of MDOC Policy and Procedure

Plaintiff contends that Defendants' actions, as well as those of Officers Gibbson, Marsh, and Rickert, violated numerous MDOC policy statements as well as the MDOC employee handbook. Section 1983, however, does not provide redress for violations of state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The only possible way a policy might enjoy constitutional protection would be through the Fourteenth Amendment's Due Process Clause.

To demonstrate a due process violation, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause; and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts, however, have routinely recognized that a prisoner does not enjoy any federal protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437

(6th Cir. 2001); *Sweeton*, 27 F.3d at 1164. Plaintiff's allegation that Defendants violated MDOC policy and procedure, therefore, fails to raise a cognizable federal constitutional claim.

### 6. Civil Conspiracy Claim

Plaintiff suggests that Defendants Anderson and Fuller conspired to violate his constitutional rights. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff provides no allegations regarding any agreement between Defendants Anderson and Fuller, beyond the fact that they both work at IBC. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 567). Accordingly, because Plaintiff does not allege an agreement between

13

Defendants Anderson and Fuller to violate his constitutional rights, Plaintiff fails to state a plausible claim of conspiracy.

### 7. Violations of Federal Criminal Statutes

Plaintiff maintains that the actions described above violated various federal criminal statutes, such as 18 U.S.C. §§ 24, 242, 872, 1346, 1621, and 1622. (ECF No. 1, PageID.1; ECF No. 1-2, PageID.7.) None of these statutes, however, create a private cause of action. *See, e.g.*, 18 U.S.C. § 24 (setting forth definitions relating to federal health care offenses); *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (discussing that there is no private cause of action pursuant to 18 U.S.C. § 1346); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (noting that "there is no private cause of action for perjury, 18 U.S.C. § 1621 [and] subornation of perjury, 18 U.S.C. § 1622"); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (noting that plaintiffs have no private cause of action pursuant to 18 U.S.C. § 242); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242."); *Poydras v. One West Bank*, No. 09-11435, 2009 WL 1427396, at *1 (E.D. Mich. May 20, 2009) (discussing that there is no private cause of action under 18 U.S.C. § 876). Plaintiff's claims under these federal criminal statutes will, therefore, be dismissed.

### B. Claims Pursuant to 42 U.S.C. §§ 1985 and 1986

Plaintiff vaguely suggests that Defendants conspired to violate his rights under 42 U.S.C. § 1985. To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3),[1] a plaintiff must

---

[1] Subsections (1) and (2) of § 1985 do not apply. Subsection (1) is inapplicable because Plaintiff does not allege a conspiracy to interfere with federal officers in the performance of their duties. *See* 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable because Plaintiff does not allege that Defendants conspired to influence parties, witnesses, or jurors in federal court proceedings. *See* 42 U.S.C. § 1985(2). In addition, the second clause of subsection (2) is inapplicable because Plaintiff does not allege that Defendants conspired to "interfere with due

establish the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Moreover, the plaintiff must allege that there existed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *see also Collyer*, 98 F.3d at 233. Plaintiff's complaint is devoid of facts suggesting that Defendants' alleged actions were motivated by his membership in a distinct class. Plaintiff's § 1985 conspiracy claim will, therefore, be dismissed.

> Plaintiff also suggests that Defendants violated 42 U.S.C. § 1986, which states:
>
> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person with reasonable diligence could have prevented . . . .

42 U.S.C. § 1986. Causes of action under § 1986, by its terms, are premised on the violation of § 1985. As discussed *supra*, Plaintiff fails to state a claim under § 1985. Accordingly, his claim under § 1986 fails as well. *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that § 1986 is derivative and conditioned on establishing a § 1985 violation); *Browder v. Tipton*, 630 F.2d 1149, 1154 (6th Cir. 1980) (same).

---

process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court also notes that, to the extent Plaintiff intended to state claims against Officers Gibbson, Marsh, and Rickert, he has failed to allege facts to support such claims and any intended claims against these officers will be dismissed.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   November 10, 2022                         /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge